JUDGE COTE

Jeffrey Kimmel
Jeffrey Weingart
Susan Schlesinger
Meister Seelig & Fein LLP
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3500

Seth H. Ostrow
Ostrow Kaufman LLP
555 Fifth Ave.
New York, NY 10017
(212) 682-9013

*Attorneys for Plaintiff Viber Media, Inc.*

13 CV 0953



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIBER MEDIA, INC., | Civil Action No: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY RELIEF** |
| RATES TECHNOLOGY INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

## COMPLAINT

Plaintiff Viber Media, Inc. ("Viber"), by its attorneys Meister Seelig & Fein LLP, and Ostrow Kaufman LLP, brings this declaratory judgment action against Defendant Rates Technology Inc. ("RTI").

### Parties

1. Plaintiff Viber is a corporation duly organized under the laws of the Republic of Panama, with offices at East 53rd Street, Marbella, Panama, as well as in Cyprus.

2. Upon information and belief, Defendant RTI is a corporation incorporated in the State of Delaware with its principal place of business at 50 Route 111, Suite 210, Smithtown, NY 11787.

## Facts Common To All Counts

3. This is an action for declaratory relief regarding RTI's claims that Viber is infringing RTI's patent rights. Viber denies this allegation and seeks a declaratory judgment by the Court regarding RTI's claims.

4. Defendant RTI is known as a patent "troll" – a term commonly understood to include an entity that enforces its patents against many targets in an unduly aggressive or opportunistic manner, but which does not itself manufacture, market or sell any products or services, much less ones which such patents allegedly cover. Another name commonly used for such a company is a "non-practicing entity". In keeping with the *modus operandi* of a typical troll, RTI has targeted participants in virtually all sectors of the telecommunications industry with its patents, based on a business model that entails motivating targets to pay regardless of whether they infringe simply to avoid the cost of patent litigation.

5. Viber provides users of popular mobile phones such as the iPHONE, ANDROID and WINDOWS PHONE 7 with the ability to make calls, send text and photo messages, and share locations, over the Internet, anywhere in the world, at no charge, to and with other Viber users (the "Viber Service"). The Viber Service is provided via Voice over Internet Protocol technology (known as "VoIP"). Viber, which was founded in 2010, currently has millions of users worldwide.

6. By commencing this declaratory judgment action, Viber seeks to cause RTI to cease and desist its aggressive and baseless campaign to use its nearly-expired, narrowly-tailored

patents to extract exorbitant and unwarranted payments from Viber. RTI's repeated threats to sue Viber for patent infringement – despite the fact that Viber clearly has not and does not infringe – continue to put Viber under a reasonable and serious apprehension of imminent suit. As such, Viber seeks a declaratory judgment that Viber's technology and the Viber Service do not infringe the RTI patents, and that the RTI patents are invalid.

7. RTI claims that the United States Government has duly and legally issued United States Patent No. 5,425,085 ("the '085 patent"), relating to routing of telephone calls. A copy of the '085 patent is attached hereto as Exhibit A. The '085 patent is set to expire by or before March 18, 2014. As indicated on Exhibit A, on August 11, 2009, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate following a second reexamination of the '085 patent indicating that certain claims of the '085 patent were cancelled as invalid while other claims were substantially narrowed through a number of amendments.

8. RTI claims that Viber infringed and continues to infringe the '085 patent. Viber denies this and contends that RTI is unlawfully attempting to interfere with Viber's business.

9. RTI claims that the United States Government has duly and legally issued United States Patent No. 5,519,769 ("the '769 patent"), relating to routing of telephone calls. A copy of the '769 Patent is attached hereto as Exhibit B. The '769 patent is set to expire by or before April 4, 2014. As indicated on Exhibit B, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate for the '769 patent on May 28, 2002, but did not conduct a second reexamination of the '769 patent as it had done with the '085 patent.

10. RTI claims that Viber infringed and continues to infringe the '769 patent. Viber denies this and contends that RTI is unlawfully attempting to interfere with Viber's business.

11. On or around December 6, 2012, Viber received a letter from RTI that included as an attachment a copy of another letter purportedly dated March 21, 2012 (collectively, the "RTI Letter"). Viber did not receive a copy of the March 21st letter until receiving it as an attachment to the December 6th letter. A copy of the RTI Letter is attached hereto as Exhibit C.

12. The RTI Letter asserts that Viber infringes the '085 patent and the '769 patent, and demands that Viber pay exorbitant and unwarranted fees to RTI in order to avoid being sued, notwithstanding that Viber has not and does not infringe either of the asserted patents. Since receiving the RTI Letter, Viber has consistently denied that it infringes, but RTI has nonetheless continued to threaten suit, both verbally and in writing.

## Jurisdiction and Venue

13. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and 1338.

14. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), 1400 and 1404(a), as RTI resides in this District. Defendant RTI regularly conducts its "business" in this District by sending letters to companies based or doing business here as part of its ongoing harassment campaigns, and it regularly avails itself of the benefits of this District by asserting its patents against such third parties in this Court.

## Count I - The '085 Patent

(Declaratory Relief· 28 U.S.C. §§ 2201, 2202)

15. The foregoing Paragraphs 1 through 14 are reiterated and incorporated herein by reference.

4

16. There is an actual controversy between Viber and RTI regarding RTI's alleged patent rights relating to the '085 patent. Viber has not and is not infringing the '085 patent. The '085 patent is invalid. This controversy will continue as Viber continues to use its own technology and provide the Viber Service.

17. Viber seeks a declaratory judgment or decree under 28 U.S.C. §2201 declaring the respective rights and obligations of the parties. There is an actual, substantial, and continuing justiciable controversy between Viber and RTI regarding infringement and the validity of the '085 patent. Viber is entitled to a judicial declaration that any making, use, sale, offer for sale, marketing, or importation of any Viber product or service, including, without limitation, the Viber Service, has not infringed, does not infringe, and will not infringe the '085 patent, either directly or under the doctrine of equivalents.

18. The '085 patent, and each of its claims, is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103 and 112.

19. Viber is entitled to a declaratory judgment or decree under 28 U.S.C. §2201 that each of the claims of the '085 patent is invalid.

20. Viber is entitled to such other and further relief as may be necessary or proper under 28 U.S.C. §2202.

Count II – The '769 Patent

(Declaratory Relief· 28 U.S.C. §§ 2201, 2202)

21. The foregoing Paragraphs 1 through 20 are reiterated and incorporated herein by reference.

22. There is an actual controversy between Viber and RTI regarding RTI's alleged patent rights relating to the '769 patent. Viber has not and is not infringing the '769 patent. The

'769 patent is invalid. This controversy will continue as Viber continues to use its own technology and provide the Viber Service.

23. Viber seeks a declaratory judgment or decree under 28 U.S.C. §2201 declaring the respective rights and obligations of the parties. There is an actual, substantial, and continuing justiciable controversy between Viber and RTI regarding infringement and the validity of the '769 patent. Viber is entitled to a judicial declaration that any making, use, sale, offer for sale, marketing, or importation of any Viber product or service, including, without limitation, the Viber Service, has not infringed, does not infringe, and will not infringe the '769 patent, either directly or under the doctrine of equivalents.

24. The '769 patent, and each of its claims, is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103 and 112.

25. Viber is entitled to a declaratory judgment or decree under 28 U.S.C. §2201 that each of the claims of the '769 patent is invalid.

26. Viber is entitled to such other and further relief as may be necessary or proper under 28 U.S.C. §2202.

WHEREFORE, Viber prays that the Court:

a. Enter judgment in Viber's favor against RTI that Viber and its parents and affiliates are not infringing any valid RTI patent rights;

b. Enter judgment declaring the claims of the '085 and '769 patents to be invalid;

c. Declare that this case is exceptional pursuant to 35 U.S.C. §285;

d. Award Viber its attorneys' fees and costs of this action; and

e. Enter judgment in favor of Viber for such other relief as is fair and just.

Dated: February 11, 2013

MEISTER SEELIG & FEIN LLP

*[signature]*

Jeffrey Kimmel
Jeffrey Weingart
Susan Schlesinger
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3500
jak@msf-law.com
jpw@msf-law.com
sms@msf-law.com

OSTROW KAUFMAN LLP

*[signature]*

Seth H. Ostrow
555 Fifth Ave.
New York, NY 10017
(212) 682-9013
sostrow@ostrowkaufman.com

Attorneys for Plaintiff
Viber Media, Inc.

## DEMAND FOR JURY TRIAL

Viber demands a trial by jury on all issues so triable.

Dated: February 11, 2013

MEISTER SEELIG & FEIN LLP

*/s/ Jeffrey Kimmel*

Jeffrey Kimmel
Jeffrey Weingart
Susan Schlesinger
140 East 45th Street, 19th Floor
New York, NY 10017
(212) 655-3500

OSTROW KAUFMAN LLP

*/s/ Seth H. Ostrow*

Seth H. Ostrow
555 Fifth Ave.
New York, NY 10017
(212) 682-9013

Attorneys for Plaintiff
Viber Media, Inc.

2190-066 Doc. #12