# EXHIBIT A




December 6, 2012

**BY EMAIL AND FIRST CLASS MAIL**

Viber Media, Inc.
40 Kimonos St.
3095 Limassol, Cyprus.

Gentlemen:

This letter is provided as a part of settlement discussions and may not be used for any other purpose. Any offer contained herein is for settlement purposes only, and may not be used as evidence pursuant to Fed. R. Evid. 408 and all similar statutes and legal rules.

RTI must force you to address and resolve its outstanding matters with Viber Media, Inc. As you know we have written to you before, on March 21, 2012. Your reluctance to respond and failure to respond leaves Rates Technology Inc. ("RTI") with only the rational conclusion that your ignoring our willful patents infringement allegations is intended. If there is some other explanation we expect your response and timely availability to work to resolve these matters without the necessity for you to endure costly, risky protracted patents infringement litigation.

Absent you timely attention to these matters RTI will proceed unilaterally to compel your address and attention.

Apart from the unrecoverable high cost of your patent infringement litigation defense, and your significant risk of loss greater than $30 million, you summarily ignore the fact that more than 375 telecommunications companies with similar or identical functionaries have already been covered under the RTI '085 and '769 patents. You also ignore the fact that many and most of your <u>competitors</u> whose functionalities are identical to those of your company, are already covered under the '085 and '769 patents. Your competitors chose to resolve their patent infringement matters amicably whilst you persist cavalierly to essentially ignore RTI and its patent infringement allegations.

We will wait only a short additional period of time prior to our filing our lawsuit, and we advise you to carefuly consider that once filed RTI will proceed inexorably <u>*only*</u> to a final adjudication to obtain <u>all</u> of its requested remedies, on the merits.

Please govern your actions accordingly.

Fairfield Village Plaza
50 Route 111 • Suite 210 • Smithtown, NY 11787
(631) 360-0157 FAX (631) 360-0570




Very truly yours,

Gerald J. Weinberger
President

GJW: lt

encl: letter dated 3/21/12




March 21, 2012

**BY EMAIL,AND FIRST CLASS MAIL**

Viber Media, Inc.,
40 Kimonos St.
3095 Limassol, Cyprus.

Gentlemen:

This letter is provided as a part of settlement discussions and may not be used for any other purpose. Any offer contained herein is for settlement purposes only, and may not be used as evidence pursuant to Fed. R. Evid. 408 and all similar statutes and legal rules.

For more than five weeks we have tried to get though to any executive officer or some other responsible party in your legal department, or your outside patent litigation counsel. Suffice it to say that has been almost impossible to accomplish. If we wish to reach either your General Counsel or any attorney in your legal department we surmise that we should without delay file suit against Viber Media, Inc. ("Viber").

Possibly, Viber is too successful to look out for its own good. We wanted to discuss with you Viber becoming covered under RTI's patents consistent with those many other companies in the telecommunications field and Viber's competitors. Please read below that which is our ordinary letter regarding RTI Patents coverage.

We have recently reviewed the Viber and its subsidiaries' services and products, and we have determined that one or more of the services and products do indeed infringe one or more claims of each of the Rates Technology Inc. U.S. Pat. No. 5,425,085 and U.S. Pat. No. 5,519,769 patents. Your products, services, and functionalities clearly infringe the RTI Patents. Please accept this letter as our patent infringement notice.

We need to speak with you about our allegations that the Viber products, services and functionalities infringe more than one claim of each of two of our patents. After you have read this letter, please contact us at the captioned address and phone number. We would like to discuss these matters amicably so as to obviate the necessity that we otherwise pursue litigation as the only available means to resolve our differences.

Should we not be able to timely address and reasonably resolve these patent infringement allegations, RTI is prepared to institute patent infringement litigation against your company in order to obtain all of its just remedies for Viber's making, using, selling, offering for sale, and importing the infringing services and products, including the award of damages, legal fees, a permanent injunction against your further infringement during the lives of the Patents, and the recall of all examples of the infringing products. We

Fairfield Village Plaza
50 Route 111 • Suite 210 • Smithtown, NY 11787
(631) 360-0157 FAX (631) 360-0570




believe there is a strong likelihood that RTI would prevail in the litigation and the damages, then trebled for your willful Patents infringement will be substantial. But, please be clear, RTI prefers an amicable resolution, a resolution consistent with those terms and conditions afforded to other companies of your size within your field.

The telecommunications VoIP field of companies encompasses generally traditional telephone companies, ITSP companies, mobile voice messengering companies (the Internet companies), cable voice companies, soft switch companies, mobile phone handset companies, and those equipment companies who provide IP PBX's, IP Phones, gateways, edge routers, border controllers, dual mode cellphones, ATA adapters, voice modems, and VoIP chips. RTI has covered more than 370 companies in the telecommunications VoIP field, and most without the necessity to litigate. We hope that RTI's offer to afford Viber Patents coverage for the US, or for "worldwide" (United States, Canada, Mexico, and Japan), on terms and conditions consistent with those other companies in the field and consistent with your competitors will be a subject for discussion between the parties and that such will be the preferred means by which we both seek to resolve these Patent infringement allegations.

RTI is one of the most respected and significant IP patents firms in the country and is well regarded for its one-time payment tiered pricing structure which is based upon the size of the most senior parent company as measured by its annual sales. RTI has not charged onerous royalty percentages, and has sought only a one-time payment for Patents coverage pursuant to a Covenant Not to Sue ("CNS") settlement agreement. Over the past fifteen (15) years RTI has under these and several other of its patents covered more than 900 telecommunications companies; only rarely (some 35 times) has RTI been forced to utilize the Federal Courts to effect resolution of its willful '085 and '769 patent infringement allegations.

Many companies in the telecommunications VoIP field have already afforded themselves coverage under these RTI patents. Some of the companies already covered under the RTI Patents are all of the traditional telephone companies, all of the major cable voice companies, and all but one of the large Internet companies, 3Com, Acer, Agere, Artisoft, Avaya, CallVantage, Cellco, Centrepoint Technologies, Cingular, Comdial, Dialpad, E-Bay, Epygi Technologies, IBM, Huawei Technologies, Lucent Technologies, Matsushita Electric Works (Panasonic), Mitel Networks, OnePlus, Quintum, Sharp, ShoreTel, Skype, Speakeasy, SunRocket, T-Mobile, Uniden, Vitelity,VoiceWing, Vodavi, VoicePulse, VoIP Inc., VoIP.com, VoipYourLife, VTech, and Zarlink.

I am enclosing RTI's confidential Classes tiered prices list. RTI's suggested CNS settlement agreement will be made available to you upon your written request. The CNS will be set for Viber in its proper Class for US patents coverage only. We can talk further about "worldwide" Patents coverage.

Please call me at the captioned telephone number, as soon as possible, so that we may politely in greater detail discuss these matters, RTI much prefers an amicable out of Court resolution, so I do look forward to the courtesy of your timely response.




Very truly yours,

Gerald J. Weinberger
President

GJW: lt

encl: Classes list