# EXHIBIT I

Case 1:13-cv-00953-DLC   Document 22-9   Filed 03/25/13   Page 1 of 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RATES TECHNOLOGY, INC.,

                Plaintiff,

-against-

MEDIATRIX TELECOM, INC. and
MEDIA5 CORPORATION,

                Defendants.
----------------------------------------X

UNDER SEAL
MEMORANDUM & ORDER
05-CV-2755(JS)(AKT)

APPEARANCES:

For Plaintiff:    James B. Hicks, Esq.
                Hicks Park Law, LLP
                824 Wilshire Blvd., Suite 300
                Los Angeles, CA 90071

                David Lazer, Esq.
                Jennifer Marie Kurtz, Esq.
                Zachary Murdock, Esq.
                Lazer, Aptheker, Rosella & Yedid, P.C.
                225 Old Country Road
                Melville, NY 11747

For Defendant:    Daniel Carl Miller, Esq.
                Ethan Horwitz, Esq.
                King & Spalding, LLP
                1185 Avenue of the Americas
                New York, NY 10036-4003

SEYBERT, District Judge:

        The Court is in receipt of Magistrate Judge A. Kathleen Tomlinson's (1) Report and Recommendation, dated March 31, 2008 ("R&R"), regarding Defendant Mediatrix's motion for sanctions against Plaintiff Rates Technology, Inc. (DE 155), and (2) Supplemental Report and Recommendation dated September 2, 2009

("Supplemental R&R") (DE 165) (collectively, "R&Rs").[1] The R&Rs recommend that the Court impose sanctions, pursuant to Rule 37, on Plaintiff and Plaintiff's counsel, Mr. Hicks, and dismiss Plaintiff's Amended Complaint in its entirety. For the reasons discussed herein, the Court ADOPTS the R&Rs in their entirety.

---

[1] The Court has also reviewed the numerous correspondences from both parties, including: (1) Defendants' April 16, 2008 letter to the Court attaching a proposed order adopting the Report and Recommendation, dismissing the Complaint, and awarding reasonable expenses, including attorney's fees, against "the plaintiff and its attorneys of record," (DE 158); (2) Plaintiff's April 18, 2008 letter to the Court, filed as an "Objection to the Report and Recommendation," (DE 159); (3) Plaintiff's Counsel's April 21, 2008 letter to the Court, (DE 160); (4) Defendants' April 23, 2008 letter to the Court responding to Plaintiff's April 18, 2008 letter, (DE 161); (5) Defendants' April 24, 2008 letter to the Court responding to the April 21, 2008 letter of Plaintiff's local counsel, (DE 162); (6) Plaintiff's April 25, 2008 letter to the Court responding to Defendants' April 24, 2008 letter (DE 163); (7) Plaintiff's April 29, 2008 letter to the Court "in support of the objections set forth in [the] April 18 letter," (DE 164); (8) Plaintiff's letter to the Court, filed as an "Objection to Supplemental Report and Recommendations," (DE 166); (9) Plaintiff's Appeal of Magistrate Judge Decision (DE 167); (10) Defendants' October 3, 2008 response to Plaintiff's and Plaintiff's Counsel's Appeal and Objections to the Supplemental Report and Recommendations, (DE 168); (11) Defendants' Response to Plaintiff's and Plaintiff's Counsel's Appeal and Objections to the Supplemental Report and Recommendations, (DE 169); (12) Declaration of Ethan Horwitz in Support of Defendants' Response to Plaintiff's and Plaintiff's Counsel's Appeal and Objections to the Supplemental Report and Recommendations, (DE 170); (13) Plaintiff's October 6, 2008 letter to the Court, responding to Defendants' September 19, 2008 letter, (DE 171); and (14) Plaintiff's Reply Brief Supporting Appeal and Objections to Supplemental Report and Recommendation; Request for Oral Argument, (DE 172). This firestorm of submissions, for something as relatively-minor as a motion for attorneys' fees and costs, is unsurprising in light of this case's drawn-out nature. In short, the submissions, like the discovery process in this case, rehash the same points over and over again, and provide the Court with very little useful information.

BACKGROUND

The R&Rs, as well as the prior Orders listed therein, thoroughly set forth the facts and extensive procedural history of this contentious patent infringement case; therefore, the Court will not recite them at length. In short, then-assigned Magistrate Judge James L. Orenstein issued two orders and Judge Tomlinson issued one order directing Plaintiff to answer Defendants' Interrogatory No. 3 by furnishing an element-by-element analysis of the infringement claims. (DE 14); (DE 19); (DE 60 at 3.)[2] The fourth order on this issue, Judge Tomlinson's Order, dated September 5, 2007, was the last straw. (DE 140.) Judge Tomlinson conditionally granted Defendants' September 12, 2006 motion for sanctions provided that Plaintiff did not fully and adequately respond to Interrogatory No. 3 by September 27, 2007. (DE 140.) As part of this order, she issued a final warning: "I am giving Plaintiff one final opportunity to respond to Defendants' Interrogatory No. 3 . . . . I am cautioning Plaintiff . . . that this is indeed its last opportunity to comply with the directives of this Court and Plaintiff proceeds at its own peril." (DE 140 at 8-9.) Thereafter, during the October 24, 2007 hearing, Judge Tomlinson concluded that Plaintiff still had not adequately

---

[2] "It should be noted that this is Plaintiff's <u>final</u> opportunity to comply with this Court's orders and the rules of discovery. Should Plaintiff fail to do so, the Court will fashion an appropriate remedy." (DE 60 at 4) (emphasis in original).

responded to the interrogatory. (Tr. Oct. 25, 2007 at 2.) The R&R explicitly concluded that sanctions against Plaintiffs, in the form of dismissal of the Complaint, was appropriate. It did not explicitly recommend an assessment of attorneys' fees and costs.

Subsequently, in a letter dated April 16, 2008, Defendants submitted a proposed order to the Court. Contained in the proposed order was a provision assessing attorneys' fees and costs against Plaintiff and Plaintiffs' attorneys.[3] On April 18, 2008, Plaintiffs objected to Defendants' proposed order, and its interpretation of the R&R. Specifically, Plaintiffs asserted that the R&R did not recommend the assessment of attorneys' fees and costs; therefore, according to Plaintiffs, and for a whole host of reasons, imposition of such fees and costs would be improper. Five further submissions by counsel led to Judge Tomlinson's issuance of the Supplemental R&R. In the Supplemental R&R, Judge Tomlinson outlined that Rule 37 of the Federal Rules specifically delineates situations in which attorneys' fees and costs should be imposed. Based on the Rule's provisions, Judge Tomlinson recommended that Plaintiff and Plaintiff's counsel should split the cost of attorneys' fees and costs 50-50. Undeterred, the parties submitted additional objections, which only rehash the arguments of the prior

---

[3] In its April 24, 2008 submission [DE 162], Defendants withdrew their application for attorneys' fees and costs against Plaintiff's local counsel, Lazer, Aptheker, Rosella & Yedid, P.C. Therefore, the assessment of attorneys' fees and costs in this Order does not apply to local counsel.

4

submissions.

In essence, both parties do not object to the recommendation in the R&Rs that Plaintiff's case should be dismissed as a Rule 11 sanction. Indeed, Plaintiff's own proposed order, attached to its April 18, 2008 submission, includes a provision that would dismiss the case with prejudice. Thus, the parties only object to two portions of the R&Rs: (1) those dealing with the time for filing objections to a magistrate's report and recommendation, and (2) those assessing attorneys' fees and costs. Defendants argue that Plaintiff's objections to the original R&R were untimely. Plaintiff maintains that its objections were timely and that (1) monetary sanctions are inappropriate because Plaintiff has provided all the information that it has available, (2) Defendants did not fulfill their meet-and-confer obligation related to monetary sanctions, and (3) sanctioning Plaintiff's counsel violates their due process rights.

DISCUSSION

I.   Standard of Review

A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. See FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the

magistrate judge." 28 U.S.C. §636(b)(1)(C); see also FED. R. CIV. P. 72(b). If no party objects to the magistrate's recommendation, "the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). If a party chooses to object, it must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. Mar. 4, 2002) (citations omitted). When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Under the de novo standard, the Court will make an independent determination of the issue, giving no deference to any previous resolution. See Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc., 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entirety of the record. See FED. R. CIV. P. 72(b). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

II. Dismissal of the Case is an Appropriate Rule 37 Sanction

In light of the parties' failure to object to the portions of the R&Rs that recommend dismissal of this case, this Court reviews those portions for clear error. After careful review of the R&Rs, the Court finds that Judge Tomlinson's recommendations that the case be dismissed are not clearly erroneous. Accordingly, the Court hereby adopts the R&Rs in this regard. The Complaint is hereby DISMISSED, with prejudice.

III. Plaintiff's Objections to the R&Rs

   A.   Timeliness of Plaintiff's Objections

Defendant filed an objection to the R&R based on Judge Tomlinson's determination that Plaintiff's objections to the R&R were timely-filed. Accordingly, this Court examines this issue de novo.

The R&R, dated March 31, 2008, was served on Plaintiff's counsel through the Court's Electronic Case Filing system ("ECF") on April 1, 2008. The R&R stated that "[t]raditionally, any objection to a Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of service and failure to file objections within this period waives the right to appeal." (R&R at 36.) Plaintiff filed its objection on April 18, 2008. Defendants argue that any objections to the R&R were due April 16, 2008, ten days after it was filed and served via ECF; as a result, Plaintiff's April 18, 2008 letter objections are untimely. (DE

161.) "Plaintiff is well aware that this court's local rules do not provide for a three day mailing provision for documents filed through ECF". (Id.) In response, Plaintiff asserts that "RTI ha[d] ten court days under FED. R. CIV. P. 72 to object, plus an extra three days for the e-mail service pursuant to FED. R. CIV. P. 6(e)," and so objections were timely through April 18, 2008 [DE 163].

As Judge Tomlinson noted in the Supplemental R&R, case law is scarce addressing the impact of ECF on the report and recommendation objection period under 28 U.S.C. ¶ 636(b)(1)(C) and Rule 72(b)(2). Thus, the Court will follow the recent precedent set forth in Sembler v. Advanta Bank Corp., No. 07-CV-2493, 2008 WL 2965661, at *1 (E.D.N.Y. Aug. 1, 2008). In Sembler, Judge Raymond Dearie initially issued an Order holding that plaintiff's objections to the magistrate judge's report and recommendation were untimely, because they had been filed eleven days after entry of the report.[4] Id. On a motion for reconsideration, however, Judge Dearie determined that the objections were, in fact, timely. Citing Rule 6(d), Judge Dearie found that "'[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).'" Id. (quoting

---

[4] Like the time-period here, that calculation excluded weekends and federal holidays.

8

Rule 6(d)). Plaintiff in that case was served notice of the Report by email via the Court's Electronic Case Filing System, and Rule 5(b)(2)(E) "contemplates service by 'electronic means,' which undoubtedly includes email."[5] Id. Thus, the filing deadline in Sembler must include the additional three days, and the objections in that case were timely-filed.

Accordingly, in this case, the Court finds that the filing deadline for objections must include the additional three days. Because Plaintiff's objections were filed before the filing deadline, as calculated to include the additional three days, the Court finds that the objections were timely-filed.

B.  Award of Attorneys' Fees and Costs

1.  Standard Under Rule 37

Plaintiff filed several objections to the R&R and, subsequently, the Supplemental R&R, based on Judge Tomlinson's

---

[5] Examining the reasoning behind the Rule, and its application to technology that should effectuate instantaneous notification, Judge Dearie referred to the Advisory Committee Notes to the 2001 amendments to Rule 5 address the provision of extra time under then Rule 6(e)--now 6(d)--and explained that:

> [e]lectronic transmission is not always instantaneous, and may fail for any of a number of reasons. It may take three days to arrange for transmission in readable form. Providing added time to respond will not discourage people from asking for consent to electronic transmission, and may encourage people to give consent.

FED. R. CIV. P. 6(d).

9

determination that Defendants were entitled to a judgment for attorneys' fees and costs against Plaintiff and Plaintiff's attorney. Accordingly, this Court examines this issue de novo.

The 2006 version of Rule 37(b) required the imposition of monetary sanctions, in the form of reasonable expenses and attorney's fees, when a court determines that a party has failed to obey a court order without justification. The 2006 version contained a "non-exhaustive list of permissible sanctions, including dismissal with prejudice, against a party that fails to obey a discovery order." Novak v. Wolpoff & Abramson LLP, No. 07-CV-0166, 2008 WL 2890382, at *1 (2d Cir. July 29, 2008). At the time Defendants' motion for sanctions was fully briefed, Rule 37(b)(2) read in pertinent part as follows:

> (b) Failure to Comply With Order. . . .
>
> (2) Sanctions by Court in Which Action is Pending.
>
> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> . . . .
>
> (C) An order striking out pleadings or parts thereof . . . or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party . . .

Rule 37 went on to state that "[i]n lieu of" or "in addition" to these sanctions, "the court shall require the party failing to obey the order, or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2) (amended 2007) (emphasis supplied).

In 2007, Rule 37 was amended. The new Rule 37(b)(2)(C) reads as follows:

> (b) Failure to Comply With a Court Order
> . . . .
>> (2) Sanctions in the District Where the Action is Pending.
>>
>> (A) For Not Obeying a Discovery Order. If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35 or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>>
>> . . . .
>>
>> (iii) striking pleadings in whole or in part;
>>
>> . . . .
>>
>> (v) dismissing the action or proceeding in whole or in part . . .
>>
>> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney

>       advising that party, or both to pay the
>       reasonable expenses, including attorney's
>       fees, caused by the failure, <u>unless</u> the
>       failure was substantially justified or other
>       circumstances make an award of expenses
>       unjust.

(Emphasis supplied).

In objecting to Judge Tomlinson's R&Rs, Plaintiff first fixates on the language in Rule 37 stating that "the court where the action is pending <u>may</u> issue further just orders." Focusing on "may," Plaintiff maintains that the imposition of attorneys' fees and costs is not mandatory. Therefore, Plaintiff argues, the imposition of attorneys' fees and costs was not an implicit part of Judge Tomlinson's R&R. Moreover, Plaintiff states that even if the imposition of these fees and costs was implicit, such imposition was improper for a whole host of reasons: (1) Plaintiff cannot produce an element-by-element claim analysis in response to Interrogatory 3 because the Court is asking for information which Plaintiff does not have. (DE 99); (Tr. Oct. 24, 2007 at 22-23); (DE 149); (DE 159); (DE 167); (2) Defendants did not fulfill their meet and confer obligations with regard to the fees and cost; and (3) Imposition of these costs and fees violates Plaintiff's counsel's due process rights, because they were not given notice that the fees and costs could be imposed; therefore, counsel was unable to be heard on this issue. All of Plaintiff's arguments fail to persuade the Court.

As Judge Tomlinson explains in her Supplemental R&R, the

imposition of attorneys' fees and costs is implicit in the language of the decision to sanction a disobedient party. From this Court's reading of the Rule, the Court may either order the disobedient party to pay the costs and fees by themselves, or it may impose the costs, fees, <u>and</u> other sanctions. Thus, in this case, there is a strong presumption that attorneys' fees and costs should be imposed, unless Plaintiff has met its burden to establish the failure was substantially justified or other circumstances make an award of expenses unjust. The Court holds that Plaintiff has failed to meet its burden.

      2.   <u>Plaintiff's Failure to Cooperate as Justification</u>

In order to sue for patent infringement, the party bringing the claim must spell out a proper basis for charging infringement. This requires a Plaintiff to "compare an accused product to its patents on a claim by claim, element-by-element basis for at least one of each of defendant's products." <u>New York Univ. v. E.piphany, Inc.</u>, No. 05-CV-1929, 2006 U.S. Dist. WL 559573, at *2 (S.D.N.Y. Mar. 6, 2006) (<u>citing</u> <u>Network Caching Techn. v. Novell, Inc.</u>, No. 01-CV-2079, 2002 U.S. Dist WL 32126128, at *5 (N.D. Cal. 2002)). Here, Defendants have produced substantial discovery for Plaintiff, (DE 60), yet Plaintiff has refused to provide Defendants with an adequate basis for their

claim.[6] After over four years of litigation, whether Plaintiff cannot or simply will not provide a proper response to the Interrogatory is irrelevant: "These [interrogatory] answers lacking, the claims have not been clearly articulated or substantiated. Despite numerous attempts by the defendant and the Court, plaintiff still is not forthcoming with crucial information. . . . The persistent uncooperative posture of the plaintiff evidences to the Court willful neglect and/or bad faith". Indus. Elect. Private, Ltd. v. Bendix Corp., No. 85-CV-2433, 1989 WL 76004, at *2 (S.D.N.Y. July 6, 1989). Instead of fulfilling its own obligations, Plaintiff improperly instructed Defendants to answer in interrogatories why their products did not violate Plaintiff's patent. (DE 94). This burden shift is entirely inappropriate because "the burden always is on the patentee to show infringement." Under Sea Indus., Inc. v. Dacor Corp., 833 F.2d 1551, 1557 (Fed Cir. 1987).

Plaintiff's first objection is merely a rehashing of an argument that Plaintiff has asserted for almost four years.

---

[6] At a hearing before Judge Tomlinson, Defendants' counsel stated it best: "For two years we have basically asked one question of them. That question is what is the infringement all about? Tell me what it is you think I am doing? They cannot answer that basic question. We've asked it. There have been four orders . . . . Whichever way you look at it, these interrogatory answers fail. . . . The interrogatory says for each product give us an element by element analysis of why you think it's infringed. There is no direct infringement analysis in the claim analysis that they've given us." (Tr. Oct. 27, 2007 at 12-13, 16-17).

14

Plaintiff offers no evidence showing that its failure to comply with Orders is "substantially justified." Additionally, it is impossible to imagine how Plaintiff's repeated failure to comply with court orders could serve as a basis to establish that an award of expenses would be unjust.

       3.   <u>Defendants' Alleged Failure to Meet-and-Confer as Justification</u>

Plaintiff's objection that Mediatrix did not fulfill its meet-and-confer obligation with respect to any money sanctions request is without merit. Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.3 require the parties to meet and confer or attempt in good faith to meet and confer to resolve pretrial disputes. "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible." <u>Excess Ins. Co. Ltd. v. Rochdale Ins. Co.</u>, No. 05-CV-10174, 2007 WL 2900217, at *1 (S.D.N.Y. Oct. 4, 2007). Reviewing this objection <u>de novo</u>, the Court finds that the Defendants met their obligations.

Judge Tomlinson conditionally granted Defendants' motion for sanctions provided that Plaintiff inadequately responded to Interrogatory No. 3. (DE 140). She further ordered that if Defendants believed Plaintiff inadequately responded to Interrogatory No. 3., that the parties meet and confer (DE 142). Defendants declare that they did meet and confer with Plaintiff's counsel via a phone conference on October 3, 2007, and that

Plaintiff's counsel declared its response to Interrogatory No. 3 to be proper. (DE 153-2). During the October 24, 2007 hearing, Plaintiff and its counsel acknowledged that they met and conferred with the Defendants regarding the motion. (Tr. Oct. 24, 2007 at 27). Thus, both parties did meet and confer, and Plaintiff's objection is without merit.

### 4. Alleged Due Process Violation does not Make an Award of Attorneys' Fees and Costs Unjust

Plaintiff and Plaintiff's counsel were put on notice that sanctions could be imposed, and they had the opportunity to present arguments against the imposition of sanctions. As discussed earlier, Rule 37 explicitly provides for sanctions against the attorney and the party failing to obey court orders. Plaintiff and its counsel have had countless opportunities to be heard on the issues. Neither Defendants' counsel, nor this Court, can be held responsible for Plaintiff's failure to read or understand the Federal Rules, or their decision not to oppose the imposition of costs and fees until it filed its objection to the R&R.

In short, imposing monetary sanctions against Plaintiff and its counsel does not violate their due process rights; therefore, they have failed to establish their burden that imposition of monetary sanctions here would be unjust.

## IV. Joint and Several Liability for Attorneys' Fees and Costs Awarded Between Plaintiff and Plaintiff's Counsel

Judge Tomlinson recommended awarding attorney's fees and

costs to Defendants to be split 50-50 by Plaintiff and its counsel, and Defendants request that this award be imposed jointly and severally. (DE 166).

Courts have made sanction awards joint and several when the judge determines that a party and its counsel were equally responsible for the failure to obey orders. See e.g., Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 527 (2d Cir. 1990); Selby v. Arms, No. 93-CV-6481, 1995 U.S. Dist. WL 753894, at *9 (S.D.N.Y. Dec. 20, 1995). Here, the conduct of Plaintiff and its counsel in failing to comply with Orders and provide an adequate basis for infringement was egregious enough to warrant an equal split in costs, with both Plaintiff and Plaintiff's counsel being jointly and severally liable.

V.  **Defendants' Request that the Attorney's Fees and Costs Accrue from September 12, 2006**

Judge Tomlinson has awarded attorney's fees beginning on September 5, 2007, but Defendants object to that time-frame, and argue that the start date for accrual of these costs and fees should be September 12, 2006. (DE 166). The Court agrees. Although Plaintiff's and Plaintiff's counsel's failures did not appear to be willful back in 2006, this is one case where the Court has the benefit of hindsight. In view of Plaintiff's and Plaintiff's counsel's refusal to comply with this Court's Orders for over four years, it would seem appropriate to award fees and costs for the longer duration.

CONCLUSION

Judge Tomlinson, in her thorough and well-reasoned opinion, recommended that the Court grant Defendants' motion for sanctions. Having conducted a de novo review of the issues to which Plaintiffs object, the Court agrees with Judge Tomlinson's conclusions. For the reasons set forth above, the Court hereby ADOPTS Magistrate Judge Tomlinson's R&Rs in their entirety, except that the award of attorneys fees and costs shall run from September 12, 2006.

Accordingly, Defendants' motion for sanctions is GRANTED. The Complaint is DISMISSED with prejudice. The Court grants attorneys' fees and costs in favor of Defendants in an amount to be determined by the Court in a subsequent order, running from September 12, 2006. Defendants are directed to submit, within 30 days of the filing of this Order, an accounting setting forth the time records, expenses, and other pertinent information in support of their application for fees and costs; at that time, the Court will enter a judgment in favor of Defendants and this matter will be CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 5, 2009
         Central Islip, New York