# EXHIBIT J

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | |
|---|---|
| Send | ___ |
| Enter | ___ |
| Closed | ___ |
| JS-5/JS-6 | ___ |
| Scan Only | ___ |

**CASE NO.:** CV 11-02246 SJO (DTBx)    **DATE:** August 17, 2011

**TITLE:** Highland Plastics, Inc. v. Sorensen Research and Development Trust

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                         Not Present
Courtroom Clerk                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**    **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                              Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT'S MOTION TO STRIKE** [Docket No. 6]

This matter is before the Court on Defendant Sorensen Research and Development Trust's ("Defendant") Motion to Strike Insufficient Defenses and Immaterial, Impertinent, and Scandalous Matter Per Federal Rules of Civil Procedure ("Rule") 12(f) ("Motion"), filed on April 18, 2011. Plaintiff Highland Plastics, Inc. ("Plaintiff") filed an Opposition to which Defendant replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for May 23, 2011. See Fed. R. Civ. P. 78(b). For the following reasons, the Court DENIES Defendant's Motion.

I.    BACKGROUND

On February 21, 2011, Plaintiff alleges that Defendant sent a cease and desist letter to John Clearman, the president of Clearman Gallery ("Clearman"). (Compl. ¶ 8.) Plaintiff alleges that Defendant accused Clearman of infringing claims of United States Patent No. 6,599,460 ("the '460 patent") and selling the Original Spread Container Lids ("Lids") that infringed a method of injection molding claimed and described in the '460 patent. (Id.)

Plaintiff is the manufacturer of the accused Lids. Defendant alleged in its cease and desist letter that it had provided detailed information of the alleged infringing activities as to establish a substantial likelihood of infringement. Upon being threatened with legal action, Clearman referred the matter to Plaintiff. Plaintiff promptly responded to Defendant's cease and desist letter by explaining that the mold for the Lids was first designed in 1975, more than 25 years before the '460 patent issued in 2003. (Compl. ¶ 10.) Plaintiff alleged that production of the Lids began in 1977 at Plaintiff's facilities, and it has been selling the Lids for the past 33 years. Plaintiff claims that the mold and the method of operation have been on public display during that entire time and claims that it does not keep the manufacturing process a secret. (Id.) Plaintiff states that it provides public tours and does not ask its guests to sign a non-disclosure agreement. (Id.) Plaintiff alleges that if Defendant's allegation of infringement were true, then the '460 patent would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority   _____
Send       _____
Enter      _____
Closed     _____
JS-5/JS-6  _____
Scan Only  _____

**CASE NO.:** CV 11-02246 SJO (DTBx)            **DATE:** August 17, 2011

be invalid as being anticipated and/or obvious under 35 U.S.C. sections 102 and 103. (*Id.*) Plaintiff provided Defendant with a detailed explanation of why the Lids do not infringe the '460 patent; however, despite these efforts, Plaintiff alleges that Defendant continued to threaten and warn Plaintiff that "Sorensen R&D has extensively litigated several of its patents with companies such as DaimlerChrysler, Black & Decker, and BMW . . . We suggest that HIGHLAND does not make the same expensive mistake that those who have elected litigation have made." (Compl. ¶ 11.) On March 16, 2011, Plaintiff initiated this instant action seeking declaratory judgment by the Court for noninfringement, and invalidity and unenforceability of the '460 patent. On April 18, 2011, Defendant filed this Motion to Strike portions of Plaintiff's Complaint.

## II.   DISCUSSION

### A.   Legal Standard

Rule 12(f) authorizes the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Courts must view the pleadings under attack in the light more favorable to the pleader." *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Motions to strike are generally not granted unless it is clear that the matter at issue could have no possible bearing on the subject matter of the case. *Id.* "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (internal citation omitted) (overruled on other grounds, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). For motions to strike, courts often require a showing of prejudice by the moving party. *S.E.C. v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). The Ninth Circuit has stated that prejudice can arise from allegations that cause delay or confusion of the issues. *See Fantasy, Inc.*, 984 F.2d at 1528.

### B.   Defendant's Motion to Strike

Defendant moves to strike the following portions of Plaintiff's Complaint: (1) the last sentence of paragraph 8; (2) paragraph 15 in its entirety; (3) paragraph 21 in its entirety; and (4) paragraph 26 in its entirety.

#### 1.   The Last Sentence of Paragraph 8 of Plaintiff's Complaint

Defendant moves to strike the last sentence of paragraph 8 of Plaintiff's Complaint, which states that: "Since 2003, Defendant ranks sixth as the most patent litigious entity, suing 73 times on patents that Defendant Sorensen does not practice." Defendant argues that this allegation is irrelevant and false. Plaintiff's Complaint alleges two causes of action: (1) declaratory judgment of noninfringement; and (2) declaratory judgment of invalidity and unenforceability of the '460 patent. (*See generally* Compl.) The allegation that Defendant is litigious, and whether it markets the patented invention is of limited importance. Arguably, it is a factor a court should consider in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority    ____
Send        ____
Enter       ____
Closed      ____
JS-5/JS-6   ____
Scan Only   ____

**CASE NO.: CV 11-02246 SJO (DTBx)**          **DATE: August 17, 2011**

determining whether an injunction should immediately issue upon a determination of infringement. In any event, Defendant has failed to establish that it is prejudiced by the allegation.

Accordingly, the Court DENIES Defendant's Motion to Strike the last sentence of paragraph 8 of Plaintiff's Complaint.

      2.     Paragraph 15 of Plaintiff's Complaint

Defendant moves to strike paragraph 15 of Plaintiff's Complaint, particularly the term "patent troll" used to describe Defendant. (Compl. ¶ 15.) Defendant argues that "[d]escribing the opposing party as a 'troll' – an ugly, mythical cave-dwelling being – is not in keeping with the dignity of the Court, and has no relationship to the causes of action raised in the Complaint." (Mot. 15:12-15.) Plaintiff argues, and Defendant acknowledges, that the term "patent troll" is commonly understood by federal courts to mean a "company who enforces patent rights against accused infringers in an attempt to collect licensing fees, but does not manufacture products or supply services based on the patents in question." *Diagnostic Sys. Corp. v. Sysmantec Corp.*, 2009 WL 1607717, at *4 n.5 (C.D. Cal. June 5, 2009) (citing *InternetAd Systems, LLC v. Opodo Ltd.*, 481 F. Supp. 2d 596, 601 (N.D. Tex. 2007)). Plaintiff argues that it merely used the term "patent troll" because it is relevant to Plaintiff's contention that Defendant has alleged infringement in bad faith, which could be grounds for Rule 11 sanctions and attorney fees. (Opp'n 6:10-13.) Because "patent troll" is a term commonly used and understood in patent litigation and is not so pejorative as to make its use improper, the Court DENIES Defendant's Motion.

Within paragraph 15, Defendant also moves to strike Plaintiff's allegation that "if Sorensen does not default on this complaint, it should be sanctioned under Federal Rules of Civil Procedure, Rule 11 . . . ." Defendant seemingly argues that Plaintiff has made an improper motion for sanctions in the Complaint. For example, Defendant states that "Plaintiff's grossly improper demand for Rule 11 sanctions should be stricken as irrelevant, impertinent, and in direct contravention of Rule 11 itself." (Mot. 17:6-7.) However, Plaintiff does not formally move the Court for Rule 11 sanctions in the Complaint. Plaintiff merely alleges that *if* Defendant does not default on the Complaint, that Defendant should be sanctioned. In the Court's view, Defendant has failed to demonstrate that Plaintiff's Rule 11 allegation is entirely irrelevant given Plaintiff's allegations that it "has been making the accused lid in the same, non-infringing manner for more than 25 years before the '460 patent was issued." (Compl. ¶ 15.) Defendant has also failed to demonstrate that it is prejudiced by Plaintiff's allegation.

Accordingly, the Court DENIES Defendant's Motion to Strike paragraph 15 of Plaintiff's Complaint.

      3.     Paragraphs 21 and 26 of Plaintiff's Complaint

Defendant also moves the Court to strike all defenses raised in Plaintiff's Complaint. Specifically, Plaintiff alleges that "[a]ny claim of patent infringement by Sorensen is barred in whole or in part

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 11-02246 SJO (DTBx)     **DATE:** August 17, 2011

by laches, waiver, estoppel, and acquiescence due to its inaction in timely asserting the patent." (Compl. ¶ 21.) Plaintiff also claims that "Sorensen is estoppled [sic] from asserting any claim of patent infringement by reason that the patent is unenforceable due to unclean hands." (Compl. ¶ 26.) Defendant argues that the Court should strike Plaintiff's alleged defenses because Plaintiff has not provided sufficient facts to provide Defendant with "fair notice" of the defenses. (Mot. 5:26-28; 7:7-9.) As with motions to dismiss, when ruling on a motion to strike, the court must take plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to plaintiff. *Stearns v. Select Comfort Retail Corp.*, 2010 WL 2898284, at * 8 (C.D. Cal. July 21, 2010). Because Plaintiff has met Federal Rule of Civil Procedure Rule 8 threshold pleading requirements by providing Defendant with fair notice of its allegations, Defendant's Motion is DENIED.

Accordingly, the Court DENIES Defendant's Motion to Strike.

IT IS SO ORDERED.

Vpc